**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **STEPHEN COX, SONIA COX,** | : | |
| **and JERUSALEM TRUST,** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:15-cv-00172-WSD-AJB** |
| **v.** | : | |
| | : | |
| **BANK OF AMERICA CORPORATION** | : | |
| **and BRIAN THOMAS MOYNIHAN,** | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**<u>FINAL REPORT AND RECOMMENDATION</u>**

The matter is presently before the Court on a motion to remand the matter to the

Superior Court of DeKalb County, Georgia, [Doc. 9], filed by Plaintiffs Stephen and

Sonia Cox (hereinafter, "Plaintiffs"); a motion to dismiss the complaint, [Doc. 3], filed

by Bank of America, N.A. (hereinafter, "BANA" or "Defendant")[1]; and a motion styled

as a motion for summary judgment, [Doc. 19], filed by Plaintiffs.  For the reasons set

---

[1]      Plaintiffs name Bank of America Corporation ("BAC") as a defendant to this action.  [Doc. 1-1; Doc. 7-1].  In the notice of removal filed in the suit, however, BANA stated that BAC was improperly named in the suit; that BANA appeared to be the intended defendant; and that the notice of removal had been prepared as though Plaintiffs had identified BANA as the defendant entity alleged to have engaged in the conduct at issue in the complaint.  [Doc. 1 at 1 n.1]

forth herein, the undersigned **RECOMMENDS** that the District Judge **DIRECT** the Clerk to construe the Verified Complaint attached to Defendant's Notice of Filing Additional Pleadings as the operative complaint in this matter and to enter it into the record as such, [Doc. 7-1 at 3-14]; **DENY** the motion to remand, [Doc. 9], and the motion for summary judgment, [Doc. 19]; and **GRANT** the motion to dismiss, [Doc. 3].

## I.  *Background*

BANA removed this matter from the Superior Court of DeKalb County, Georgia, to this Court on January 20, 2015.[2]  [Doc. 1].  In conjunction with the notice of removal, BANA filed what it stated were copies of all process, pleadings, and orders served upon it.  [*Id.* ¶ 1].  Included among these documents was a document entitled Verified Complaint, which indicated that Plaintiffs Stephen Cox, Sonia Cox, and Jerusalem Trust brought this action *pro se* in the Superior Court of DeKalb County on July 18, 2014, naming BAC and Brian Thomas Moynihan as Defendants. [Doc. 1-1 at 2-30].

On January 21, 2015, the Clerk entered the notice of removal into the record, construed the Verified Complaint attached to the notice of removal as the operative

---

[2]    The Superior Court of DeKalb County assigned the matter Civil Action File No. 14CV11873-6.  [Doc. 1 at 1].

2

complaint in the matter, and captioned the case accordingly—*i.e.*, showing Stephen Cox, Sonia Cox, and Jerusalem Trust as Plaintiffs and BAC and Mr. Moynihan as Defendants. [Doc. 1-1 at 2]. The same day, BANA filed a motion to dismiss the complaint for failure to state a claim. [Doc. 3]. A week later, on January 28, 2015, BANA filed a Notice of Filing Additional Pleadings from State Court. [Doc. 7]. On February 2, 2015, Plaintiffs filed a document entitled Motion to Dismiss Paul A. Rogers Notice of Removal to Federal Court, which the Clerk construed as a motion to remand the matter to state court. [Doc. 9]. Plaintiffs then filed the motion for summary judgment on April 23, 2015. [Doc. 19]. The briefing period having run, the undersigned now considers each of the pending motions.

## II. *Operative Complaint*

As an initial matter, the Court notes that BANA's Notice of Filing Additional Pleadings from State Court, [Doc. 7], included as an attachment a second document entitled Verified Complaint, [Doc. 7-1 at 3-14]. In a footnote in the Notice of Filing Additional Pleadings from State Court, BANA stated that the Verified Complaint it had filed in conjunction with the Notice of Removal had not, in fact, been filed in state court, and that the Verified Complaint attached to the Notice of Filing of Additional Pleadings should replace the complaint BANA had mistakenly filed with the Notice of

3

Removal.  [Doc. 7 at 2 n.2].  The caption of the new Verified Complaint indicates that the matter was filed in the Superior Court of DeKalb County, Georgia, on December 12, 2014; includes Stephen Cox and Sonia Cox as the only plaintiffs; and names Bank of America Corporation as the only defendant.  [Doc. 7-1 at 3-14].

It appears that this newly filed Verified Complaint is the version of the complaint that should have been attached to the notice of removal.  Plaintiffs did not file a response to the Notice of Filing Additional Pleadings from State Court, nor has the Court found anything in any of their filings suggesting that the Verified Complaint attached to the Notice of Filing Additional Pleadings should not replace the version of the complaint BANA filed in conjunction with the Notice of Removal.  (*See* Dkt.). Plaintiffs have also stated that Jerusalem Trust is not a plaintiff in the case and that Mr. Moynihan is not a defendant.  [Doc. 15 at 1-2].  Additionally, although BANA's motion to dismiss was filed before the Notice of Filing Additional Pleadings, the motion to dismiss appears to refer to claims alleged in the Verified Complaint attached to the Notice of Filing Additional Pleadings and to refer to page numbers appearing in that version of the complaint, [*see* Doc. 3, *passim*], and in response to the motion to dismiss, Plaintiffs pointed out that the complaint filed along with the Notice of Removal was not the correct version of the complaint, [Doc. 8 at 3].  The Court has also

4

verified that the DeKalb County docket shows that the case was filed in that court on December 12, 2014, that Stephen and Sonia Cox are the only plaintiffs, and that BAC is the only defendant. *Cox v. Bank of Am. Corp*., No. 14CV11873 (Sup. Ct. DeKalb Cnty.) (CourtLink).

It therefore appears that the Verified Complaint attached to the Notice of Filing Additional Pleadings has indeed been the operative complaint all along and that BANA's motion to dismiss seeks to dismiss that version of the complaint. Accordingly, the undersigned **RECOMMENDS** to the District Judge that he **DIRECT** the Clerk to **CONSTRUE** that version of the Verified Complaint, [Doc. 7-1 at 3-14], as the operative complaint in this matter; **ENTER** it as such into the record; and **DROP** Jerusalem Trust and Brian Thomas Moynihan from the case.[3]

### III.    *Motion to Remand*

In their Motion to Dismiss Paul A. Rogers Notice of Removal to Federal Court, construed by the Clerk as a motion to remand, Plaintiffs argue that the notice of removal was improper because it relies on testimony provided by Paul Rogers, the

---

[3]    The undersigned recommends this direction rather than simply ordering the Clerk to make the substitution because it will result in dropping parties from the case and therefore appears to be outside a Magistrate Judge's authority to enter non-dispositive orders. *See* LR 72.1A, NDGa.

AO 72A
(Rev.8/8
2)

attorney who filed the notice of removal on BANA's behalf and who "is not a party to the action." [Doc. 9]. The undersigned finds that Plaintiffs' motion does not provide grounds for remand.

The federal removal statute provides that, in general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal court by the defendant or defendants to the case. 28 U.S.C. § 1441(a). District courts have removal jurisdiction over a case if: (1) the case involves diversity of citizenship (and the defendant is not a citizen of the state in which the action is brought); or (2) a claim arises under the Constitution, or treaties, or laws of the United States (without regard to the citizenship or residence of the parties). 28 U.S.C. § 1441(b), (c). A district court may also exercise supplemental jurisdiction over state-law claims that are so related to federal claims in the removed action "that they form part of the same case or controversy." *See Wood v. City of Lanett*, 564 F. Supp. 2d 1317, 1318, 1322 (M.D. Ala. 2008) (quoting 28 U.S.C. § 1367(a) and citing *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002)); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (stating that § 1367(a) "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the

6

district courts . . . have original jurisdiction' ") (quoting 28 U.S.C. § 1441(a)));

14B Charles Alan Wright et al., *Federal Practice & Procedure* § 3722.3 (4th ed. 2012)

("It has been well established for years that, in both cases commenced in federal court

and those removed to federal court, federal courts can exercise jurisdiction over

non-federal claims that are so closely related to a federal question as to fall

within . . . the supplemental . . . jurisdiction of the federal courts.").  The removing

defendant has the burden of proving proper federal jurisdiction.  *Adventure Outdoors,*

*Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).

Although the federal removal statute permits a defendant in a state civil action

to remove the case to federal court under certain circumstances, federal law also allows

the plaintiff to seek remand of the case to state court under 28 U.S.C. § 1447.[4]

---

[4]    Even in the absence of a motion to remand, "[t]he district court may
remand a case *sua sponte* for lack of subject matter jurisdiction at any time."
*Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296
(11th Cir. 2009).  " 'Subject matter jurisdiction . . . refers to a tribunal's power to hear
a case.' "  *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 (11th Cir. 2013) (quoting
*Morrison v. Nat'l Australia Bank, Ltd.*, 561 U.S. 247, 254 (2010)).  "As the Federal
Rules of Civil Procedure state, 'If the court determines at any time that it lacks
subject-matter jurisdiction, the court must dismiss the action.' "  *Williams v. Warden,*
*Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) (quoting
Fed. R. Civ. P. 12(h)(3)); *accord Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012)
("When a requirement goes to subject-matter jurisdiction, courts are obligated to
consider *sua sponte* issues that the parties have disclaimed or have not presented."); *id.*
("Subject-matter jurisdiction can never be waived or forfeited."); *see also Cadet v.*

7

Contrary to Plaintiffs' argument, there is no need here to rely on factual representations proffered by BANA's attorney, as Plaintiffs' own filings, coupled with BAC's and BANA's public filings, demonstrate that the Court may exercise diversity-of-citizenship jurisdiction over the matter.  Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).  A corporation is a citizen of the state where it is incorporated and the State where it has its principal place of business, 28 U.S.C. § 1332(c)(1), which is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's nerve center, *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

There is no reasonable question that the parties are diverse.  Plaintiffs indicate that they are citizens of Georgia, [Doc. 7-1 at 1], and while Plaintiffs aver that BAC "is a corporation organized and existing under the laws of the State of Georgia," [*id*.],

---

*Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation marks omitted).  Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."  *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

8

BAC's public filings show that BAC's principal place of business is in North Carolina and that it is incorporated in Delaware, *see* Bank of America Corporation, Ga. Sec'y of State, Corp. Division, *available at* https://cgov.sos.state.ga.us/BizEntity.aspx/ViewEntityData?entityId=1087133 (last visited 5/26/15).[5] Even if Jerusalem Trust, Mr. Moynihan, and BANA were to be considered, all plaintiffs would remain diverse from all defendants, as Plaintiffs indicate that Jerusalem Trust is a citizen of Georgia and that Mr. Moynihan is a citizen of North Carolina, [Doc. 1-1 at 2], and BANA is a nationally chartered bank headquartered in North Carolina, *see* Bank of America, N.A., Fed. Deposit Ins. Corp., *available at* https://www2.fdic.gov/idasp/confirmation_outside.asp?inCert1=3510 (last visited 5/26/15). A national bank is "located" in the state designated in its articles of association as the location of its main office, and it is therefore a citizen of that state for

---

[5]     A court may take judicial notice of public records that are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned" and therefore are "not subject to reasonable dispute." *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. Aug. 16, 2010); *see also Brundidge v. U.S. Bank Nat'l Ass'n*, No. 1:13-cv-1491-WSD, 2014 WL 12811, at *1, n.1 (N.D. Ga. Jan. 13, 2014) (noting that a "court may take judicial notice of official public records"); Fed. R. Evid. 201(b) (providing that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

AO 72A
(Rev.8/8
2)

the purposes of diversity-of-citizenship jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (interpreting 28 U.S.C. § 1348).

There is also no question that the amount in controversy exceeds $75,000. In the complaint the undersigned finds to be operative, Plaintiffs specify a demand for damages in the amount of $732,000. [Doc. 7-1 at 8]. Even in the complaint it appears that BANA mistakenly filed with the Notice of Removal, Plaintiffs repeatedly asserted that a bond valued at $350,000 is at issue. [Doc. 1-1 at 3-4, 7, 20-21]. Plaintiffs' assertions therefore demonstrate that the amount in controversy is over the jurisdictional threshold.

Thus, based on BAC's and BANA's public filings and Plaintiffs' allegations, the undersigned finds that the Court may exercise diversity-of-citizenship jurisdiction over this matter, regardless of which version of the complaint is considered operative. It is therefore **RECOMMENDED** that the District Judge **DENY** Plaintiffs' construed motion to remand.[6]  [Doc. 9].

---

[6]     The claims Plaintiffs assert pursuant to 12 U.S.C. § 24(7) and 42 U.S.C. § 1988, [*see* Doc. 1-1 at 20; Doc. 7-1 at 8], could also arguably provide grounds for federal-question subject-matter jurisdiction. However, as will be discussed in Part V(C), *infra*, the claims appear to be frivolous, and thus they are incapable of forming a sufficient basis for federal subject-matter jurisdiction. *See Washington v. Kirksey*, 811 F.2d 561, 563 (11th Cir. 1987) (noting that federal jurisdiction exists where the complaint states a case arising under federal law, so long as the alleged claim is not

## IV.    Motion for Summary Judgment

In a motion styled as a motion for summary judgment, Plaintiffs object to attorney Paul Rogers's participation in the action as counsel to Defendant, argue that the filings he has entered on Defendant's behalf are invalid, and contend that they are therefore entitled to judgment as a matter of law. [Doc. 19]. The undersigned finds the motion to be entirely without merit.

Summary judgment is proper when no genuine issue as to any material fact is present, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party carries the initial burden of "informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

"wholly frivolous").

11

Here, Plaintiffs' motion contains no argument purporting to show why there is no genuine issue of material fact as to any of their claims, nor have Plaintiffs pointed to any evidence to support their claims, much less to establish entitlement to judgment as a matter of law. [Doc. 19]. Additionally, to the extent that Plaintiffs' *pro se* motion could be construed to be a motion for default judgment, that motion would also fail because Defendant timely responded to Plaintiffs' pleadings by filing a motion to dismiss. *See* Fed. R. Civ. P. 12(b) (providing that a party asserting the defense of failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure must do so before filing a responsive pleading).

Consequently, the undersigned **RECOMMENDS** to the District Judge that he **DENY** the motion styled as a motion for summary judgment. [Doc. 19].

## V.   *Motion to Dismiss the Complaint*

As discussed above, although BANA filed its motion to dismiss before it filed the Notice of Filing Additional Pleadings, the motion to dismiss appears to refer to claims alleged in the complaint attached to the Notice of Filing Additional Pleadings and to refer to page numbers appearing in that version of the complaint. [*Compare* Doc. 3 *with* Doc. 7-1 at 2-14]. It also appears that Plaintiffs Stephen and Sonia Cox have considered that version of the complaint to be operative all along. [*See*

12

Doc. 8 at 3 (pointing out that Defendant's Notice of Removal included the wrong version of the verified complaint); Doc. 15 (stating that Jerusalem Trust and Mr. Moynihan are not parties to the suit)].  Consequently, as it appears that the parties have had the opportunity to consider and fully brief the matter, the undersigned now considers whether the Verified Complaint, [Doc. 7-1 at 2-14], contains pleadings sufficient to overcome Defendant's motion to dismiss it, [Doc. 3].

### A.    *Legal Standard*

To avoid dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although the factual allegations of a complaint must generally be taken as true when ruling on a motion to dismiss, a court should not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  While a complaint need not contain detailed factual allegations, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *accord Iqbal*, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth."). Rather, plaintiffs are required to make factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (internal quotation marks omitted). The court also may dismiss a complaint pursuant to Rule 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.    *Allegations*

In the complaint, Sonia V. Cox and Stephen Cox state that they are a married couple and are the owners of residential real estate located at 3877 Cherry Ridge Boulevard, Decatur, Georgia 30034 (hereinafter, "the Property"). [Doc. 7-1 at 1, 3]. They state that BAC had scheduled the Property for a foreclosure auction to take place on January 6, 2015. [*Id.* at 2]. While the rest of the complaint is not entirely clear, it appears that Plaintiffs assert claims for declaratory judgment, fraud, injunctive relief, defamation, wrongful foreclosure, and intentional infliction of emotional distress, plus

14

violations of the National Banking Act, 12 U.S.C. § 24(7), and the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, on the grounds that the original lender did not loan Plaintiffs money, the promissory note "is a forgery," Defendant could not produce the promissory note, and a security deed on the Property had been fraudulently assigned. [*Id.*, *passim*].

### C.    Discussion

Defendant argues that the complaint should be dismissed because it fails to state a plausible claim upon which relief may be granted and because it is a shotgun complaint. [Doc. 3-1, *passim*]. Defendant also contends that Plaintiffs are not entitled to declaratory relief because "no uncertainty exists about any future action by Plaintiffs or Defendant in this case," [*id.* at 10-13]; that injunctive relief is not appropriate because Plaintiffs cannot show a substantial likelihood of success on the merits of the underlying case and because they have not—and presumably cannot—tender security, [*id.* at 12-13]; that Plaintiffs' fraud claim and claim for intentional infliction of emotional distress fail because they offer only conclusory allegations for both claims, [*id.* at 14-15, 17]; that Plaintiffs appear to allege "vapor money" claims—in other

15

words, claims that the lender did not lend the debtor real money[7]—that have been

rejected by numerous courts, [*id.* at 15-17]; that Defendant need not produce the

original note showing the endorsement in order to show that it has the authority to

foreclose, [*id.* at 18 & n.7]; and that to the extent that the complaint could be interpreted

to raise claims under the National Banking Act or the Civil Rights Attorney's Fees

Awards Act, those claims should be dismissed because there is no private right of

action to enforce a violation of 12 U.S.C. § 24(7), and because *pro se* plaintiffs are not

entitled to attorneys' fees under 42 U.S.C. § 1988.  [*Id.* at 19 n.8].

The Court certainly agrees that the complaint does not comply with the Federal

Rules of Civil Procedure.  The complaint includes numerous references to state and

federal law.  The claims are not asserted clearly as causes of action, and Plaintiffs do

---

[7]     A District Judge in the Southern District of Ohio outlined what has become known as a classic "vapor money" claim:

> Plaintiff alleges that the promissory note he executed is the equivalent of "money" that he gave to the bank. He contends that [the lender] took his "money," i.e., the promissory note, deposited it into its own account without his permission, listed it as an "asset" on its ledger entries, and then essentially lent his own money back to him. He contends that [the lender] . . . "created" the money through its bookkeeping procedures.

*Demmler v. Bank One NA*, No. 2:05-CV-322, 2006 WL 640499, at *3-4 (S.D. Ohio Mar. 9, 2006).

16

not explain how the few "facts" contained in the complaint constitute causes of action against Defendant.

Under Rule 8 of the Federal Rules, a pleading states a claim when it contains, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, it demands more than conclusory accusations of injury devoid of factual enhancement. *Iqbal*, 556 U.S. at 678. Rule 10 of the Federal Rules of Civil Procedure is supposed to work in tandem with Rule 8 "to require the pleader to present his claims discretely and succinctly, so that [(1)] his adversary can discern what he is claiming and frame a responsive pleading, [and (2)] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082-83 (11th Cir. 1996) (quoting *T.D.S. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). Although a court liberally construes a *pro se* litigant's complaint, a *pro se* party "still must comply with the procedural rules governing the proper form of pleadings," including Rules 8 and 10. *Heard v. Nix*, 170 Fed. Appx. 618, 619 (11th Cir. Feb. 23, 2006) (per curiam).

AO 72A
(Rev.8/8
2)

Despite Plaintiffs' failure to comply with Rules 8 and 10, it is clear that the complaint is not a "shotgun pleading" but rather that it simply fails to state a claim. Indeed, the only facts Plaintiffs proffer are that they are the owners of the Property and that Defendant seeks to foreclose upon it.  [Doc. 7-1, *passim*].  The remainder of the complaint is made up of general allegations and specious legal theories that the Court has seen in other *pro se* complaints and on Internet sites catering to individuals who are trying to avoid the consequences of defaulting on their mortgages or are attempting to forestall the loss of their homes through foreclosure or dispossessory proceedings. *See, e.g., Searcy v. EMC Mortg. Corp.*, No. 1:10-cv-0965-WBH, 2010 U.S. Dist. LEXIS 119975, at *1 (N.D. Ga. Sept. 30, 2010) (Hunt, J.) (discussing the promotion of schemes that "promise the poor souls who are in the throes of a residential mortgage foreclosure that they can file a pro-se lawsuit chock full of nonsensical legalese and magically make their debts disappear").

For several reasons, the undersigned finds both that the complaint fails to state a claim and that it is highly unlikely that Plaintiffs could state a plausible claim for relief, no matter how careful the pleading.  First, Plaintiffs' complaint appears to be largely premised on the "vapor money" theory. [*See, e.g.*, Doc. 7-1 at 6-7 (alleging that Countrywide Home Loans, Inc., presumably the original lender, "did not loan the

18

plaintiff(s) herein money")].  Such a theory has been rejected by courts.  *E.g.*, *Yeboah v. Bank of New York Mellon*, No. 1:12-cv-2139-TWT, 2012 WL 4759246, at *5 (N.D. Ga. Aug. 30, 2012) ("Plaintiff's argument is commonly known as the 'vapor money' theory or a 'no money lent' claim.  Such claims 'fail as a matter of law.' ") (citations omitted) (King, M.J.) (R&R), *adopted by* 2012 WL 4759242 (N.D. Ga. Oct. 5, 2012) (Thrash, J.); *Allen v. Bank of Am.*, No. 1:11-cv-4029-RWS, 2012 WL 2839819, at *3 (N.D. Ga. July 10, 2012) (Story, J.) ("This Court previously has held this 'vapor money' theory to be frivolous, and courts across the country have rejected it uniformly.") (citations omitted).

Second, Plaintiffs cannot successfully restate the claims they assert under 12 U.S.C. § 24(7) and 42 U.S.C. § 1988.  The § 24 claim appears to rely on the discredited "vapor money" theory, [*see* Doc. 7-1 at 8], and, as Defendant points out, § 1988 does not entitle a *pro se* party to attorneys' fees, *Kay v. Ehrler*, 499 U.S. 432, 438 (1991).  Defendant also appears to be correct that a borrower cannot avoid foreclosure based upon an allegation that the loan for which their property was pledged as security violated the National Bank Act.  *See Davis v. Countrywide Home Loans*, No. 09 Civ. 8606(RJS)(HBP), 2010 WL 3219306, at *8 (S.D.N.Y. July 23, 2010) (citing *Union Nat'l Bank v. Matthews*, 98 U.S. 621, 627-29

19

AO 72A
(Rev.8/8
2)

(1878)); *see also Narvaez v. Wilmers*, No. 14-cv-10388, 2015 WL 1396477, at *2 (N.D. Ill. Mar. 24, 2015) (quoting *Thompson v. St. Nicholas Nat'l Bank*, 146 U.S. 240, 251 (1892) ("[W]here the provisions of the national banking act prohibit certain acts by banks or their officers, without imposing any penalty or forfeiture applicable to particular transactions which have been executed, their validity can be questioned only by the United States, and not by private parties.")); *Davis, id.* (same).

Third, to the extent that Plaintiffs' claims rest on their theory that Defendant lacked authority to foreclose because of a fraudulent or void assignment, [*see, e.g.*, Doc. 7-1 at 6], Plaintiffs' pleadings suggest that they are not parties to any assignment and therefore do not have standing to raise such a challenge. *See Montgomery v. Bank of Am.*, 321 Ga. App. 343, 346, 740 S.E.2d 434, 438 (2013) (explaining that because the assignment of a security deed was contractual, the plaintiff lacked standing to contest its validity because he was not a party to the assignment) (citing O.C.G.A. § 9-2-20(a), providing that an action based on a contract can be brought only by a party to the contract); *Edward v. BAC Home Loans Serv., L.P.*, 534 Fed. Appx. 888, 891 (11th Cir. Aug. 16, 2013) (citing *Montgomery* and finding same).

20

Fourth, Plaintiffs' claims also appear to rest in large part on a theory that it is necessary for Defendant to possess the original promissory note in order to foreclose on the Property.  [Doc. 7-1 at 6-7].  The Supreme Court of Georgia has made clear, however, that an entity may conduct a valid non-judicial foreclosure sale despite lacking ownership of the underlying note.  *You v. JP Morgan Chase Bank*, 293 Ga. 67, 74, 743 S.E.2d 428, 433 (2013).

Fifth, there is no hint in the complaint that Plaintiffs have tendered the amounts due on their loan, as would be necessary in order for the Court to have the ability to grant them equitable relief.  *Stewart v. Suntrust Mortg., Inc*., No. A14-A2047, — Ga. App. —, 770 S.E.2d 892 (Mar. 27, 2015) (citing O.C.G.A. § 23-1-10 ("He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit."); *Smith v. Citizens & S. Fin. Corp*., 245 Ga. 850, 852, 268 S.E.2d 157 (1980) ("Appellants have made no tender of the indebtedness secured by the deed to secure debt and thus are not entitled to set aside the sale under power.")).

Additionally, Plaintiffs' response brief and other filings in this matter give the Court little hope that given the chance they would file a viable complaint.  Rather than address the merits of Defendant's arguments or make a plain-English argument that

21

might enable the Court to discern some wrongdoing on Defendant's part, Plaintiffs have filed page after page of incomprehensible boilerplate legalese and repetitive motions to strike legal arguments legitimately set forth by defense counsel. [*See* Docs. 8-10, 15-19]. *See Johnson v. Irby*, 403 Fed. Appx. 465, 468 n.3 (11th Cir. Nov. 23, 2010) ("Given the complaint's deficiencies, we do not see that a more carefully drafted complaint would state a claim for relief and reject Plaintiffs' contention that they should have been given an opportunity to amend their complaint.") (citation omitted).

Thus, because Plaintiffs have failed to plainly state a plausible claim and because the complaint demonstrates that their claims rest on invalid legal theories, the undersigned **RECOMMENDS** to the District Judge that he **GRANT** Defendant's motion to dismiss, [Doc. 3], and **DIRECT** the Clerk to close the case.

## VI.   *Conclusion*

As discussed above, the undersigned **RECOMMENDS** to the District Judge that he **DIRECT** the Clerk to construe Verified Complaint attached to Defendant's Notice of Filing Additional Pleadings as the operative complaint in this matter and to enter it into the record as such, [Doc. 7-1 at 3-14]; **DROP** Jerusalem Trust and Brian Thomas

22

Moynihan from the case; **DENY** the motion to remand, [Doc. 9], and the motion for summary judgment, [Doc. 19]; and **GRANT** the motion to dismiss, [Doc. 3].

Because this case presents no other issues referred to Magistrate Judges pursuant to Standing Order 14-01, the Clerk is hereby **DIRECTED** to **TERMINATE** reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this 28th day of May, 2015.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

23