IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEPHEN COX, SONIA COX and
JERUSALEM TRUST,

               Plaintiffs,

v.

BANK OF AMERICA
CORPORATION and
BRIAN THOMAS MOYNIHAN,

               Defendants.

1:15-cv-172-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation ("R&R") [22], which recommends that Bank of America, N.A.'s ("BANA" or "Defendant")[1] Motion to Dismiss [3] Stephen and Sonia Cox's ("Plaintiffs") Complaint [7.1][2] be granted, and that Plaintiffs' Motion

---

[1] BANA states that Plaintiffs improperly named as defendant "Bank of America Corporation," a separate legal entity not involved in residential mortgages. Plaintiffs do not dispute that BANA, which appears to be Plaintiffs' loan servicer, is the entity against which Plaintiffs intended to assert their claims.

[2] BANA mistakenly attached to its Notice of Removal a previous draft of Plaintiffs' complaint [1.1], which Plaintiffs never filed in state court. The caption of that draft lists Jerusalem Trust as a plaintiff and Brian Thomas Moynihan ("Moynihan") as a defendant. BANA later submitted the correct version of Plaintiffs' Complaint [7.1], which had been filed in state court and is the operative pleading in this case. The Clerk of Court is directed to remove Jerusalem Trust and Moynihan as parties to this action.

to Remand [9] and Motion for Summary Judgment [19] be denied. Also before the Court are Plaintiffs' "Motion to Dismiss Magistrate Judge's Final Report and Recommendation" [24] and "Motion for Void Judgment and to Set Aside Order" [25], which the Court construes as Plaintiffs' Objections to the R&R.[3]

## I.    BACKGROUND

On December 12, 2014, Plaintiffs, proceeding *pro se*, filed their Complaint in the Superior Court of DeKalb County, Georgia.[4] Although largely incomprehensible, Plaintiffs appear to assert claims for violations of the National Banking Act, 12 U.S.C. § 24(7), the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, and various state laws, based on perceived defects in the origination and assignment of their mortgage and in the foreclosure proceedings initiated by BANA, the successor by merger to Plaintiffs' original lender, Countrywide Bank. Plaintiffs seek declaratory and injunctive relief, and damages in the amount of $732,000. (Compl. at 6).

On January 20, 2015, Defendant removed the DeKalb County Action to this Court based on federal question and diversity jurisdiction [1].

On January 21, 2015, Defendant filed its Motion to Dismiss.

---

[3]   Other than having different titles, these two documents are identical.
[4]   No. 14CV11873.

On February 2, 2015, Plaintiffs filed their "Motion to Dismiss Paul A. Rogers [sic] Notice of Removal to Federal Court" [9], which the Court construes as Plaintiffs' Motion to Remand.  Plaintiffs argue that removal was improper because Rogers, Defendant's counsel, is an "interloper" and "is attempting to testify for a witness not in appearance."  (See [9] at 2).

On April 23, 2015, Plaintiffs filed their Motion for Summary Judgment, in which "Plaintiffs objects [sic] to all [ ] Rogers trespassing herein and all his unverified actions by and through McGuire Woods LLP."  (See [19] at 4).

On May 28, 2015, the Magistrate Judge issued his R&R.  Having found that Plaintiffs and Defendant are citizens of different states, and that the amount in controversy exceeds $75,000, the Magistrate Judge concluded that the Court has subject matter jurisdiction based on diversity of citizenship, and recommended that Plaintiffs' Motion to Remand be denied.  The Magistrate Judge also found that Plaintiffs' Motion for Summary Judgment is meritless because it merely reiterates Plaintiffs' objections to Rogers' participation in this action and the pleadings he filed on Defendant's behalf, and recommended that it be denied.  Finally, the Magistrate Judge found that Plaintiffs failed to state a claim for relief under any viable legal theory, and recommended that Defendant's Motion to Dismiss be granted, and that the Court deny Plaintiffs leave to amend their Complaint.

On June 11, 2015, Plaintiffs filed their "Objections" to the R&R.

## II.   DISCUSSION

### A.   Legal Standard for Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Plaintiffs' Objections are illogical, convoluted and incoherent.  They do not address the Magistrate Judge's reasons for recommending dismissal of their Complaint or denial of their Motions, and instead consist of rambling allegations that are nearly impossible to discern.[5]  See Marsden v. Moore, 847 F.2d 1536,

---

[5]   For example, Plaintiffs assert that "BANK OF AMERICA CORPORATION BANK, is misrepresented, fraud, void on its face, unverified, irrelevant and inadmissible," and they "object[ ] to the use of LEGALESE [sic] in the above

4

1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). These are not valid objections and the Court will not consider them. The Court thus reviews the R&R for plain error.[6]

B.    Plaintiffs' Motion to Remand

Plaintiffs conclusorily assert that the Court lacks "subject matter jurisdiction" and that removal was improper because Rogers, Defendant's counsel, is an "interloper" and "is attempting to testify for a witness not in appearance." (See [9] at 2). The Court agrees with the Magistrate Judge's finding that this is not a proper basis for remand. The Magistrate Judge found further that complete diversity exists among the parties because Plaintiffs are citizens of Georgia and BANA is a citizen of North Carolina, and that the amount-in-controversy requirement is satisfied because Plaintiffs request damages in the amount of

---

styled action with the grounds for the objection which is [sic] the Plaintiff(s) herein are not school [sic] in law and request the Court's indulgence."  (Obj. [24] at 33, 41).  The Court notes that every other page of Plaintiffs' 68-page "Motion to Dismiss Magistrate Judge's Final Report and Recommendation" states "Pay to the order of UNITED STATES, without recourse," and is signed by Stephen Cox, "pursuant to 12 USC 95(a)2 [sic]."

[6]    Even if Plaintiffs' Objections were cognizable, and had the Court conducted a *de novo* review, the Court would have reached the same conclusions as the Magistrate Judge.

$732,000. The Magistrate Judge concluded that the Court has subject matter jurisdiction based on diversity of citizenship. The Magistrate Judge recommended that Plaintiffs' Motion to Remand be denied, and the Court finds no plain error in this recommendation. See 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant"); 28 U.S.C. § 1332(a) (authorizing federal jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000).

  C. Defendant's Motion to Dismiss

    1. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See

Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).[7]

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus,

---

[7] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

    2.    Analysis

Plaintiffs claim that they were not loaned any money, so they do not owe a debt. They therefore assert that they have not defaulted on their mortgage and cannot be foreclosed upon. Magistrate Judge Baverman found that relief cannot be granted on this theory because a promissory note is a promise to make payments, not an actual payment. Magistrate Judge Baverman recommended that Plaintiffs' claims, including for violation of the National Bank Act, 12 U.S.C. § 24(7), based on this "vapor money" theory be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation. See Thomas v. Countrywide Home Loans, No. 2:09-cv-82, 2010 WL 1328644, at *2 (N.D. Ga. Mar. 29, 2010) (collecting cases rejecting "vapor credit" theories); Yeboah v. Bank of New York Mellon, No. 1:12-cv-2139, 2012 WL 4759246, at *5 (N.D. Ga. Aug. 30, 2012)

("Plaintiff's argument is commonly known as the 'vapor money' theory or a 'no money lent' claim. Such claims 'fail as a matter of law.'") (King, M.J.) adopted at 2012 WL 4759242 (N.D. Ga. Oct. 5, 2012) (Thrash, J.).[8]

Magistrate Judge Baverman found that, because they are proceeding *pro se*, Plaintiffs are not entitled to attorneys' fees. Magistrate Judge Baverman recommended that Plaintiffs' claim for attorneys fees under 42 U.S.C. § 1988 be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation. See Kay v. Ehrler, 499 U.S. 432, 438 (1991).

Magistrate Judge Baverman found further that, to the extent Plaintiffs assert that their mortgage was improperly securitized, that an unspecified assignment of their mortgage was "suspicious," and that BANA cannot foreclose on their property because it has not produced the original promissory note, relief cannot be granted on these claims because they are not cognizable under Georgia law. Magistrate Judge Baverman recommended that these claims be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation. See,

---

[8] The Court also agrees with the Magistrate Judge's finding that there is no private cause of action for violation of the National Bank Act. See Thompson v. St. Nicholas Nat'l Bank, 146 U.S. 240, 251 (1892) ("[W]here the provisions of the national banking act prohibit certain acts by banks or their officers, without imposing any penalty or forfeiture applicable to particular transactions which have been executed, their validity can be questioned only by the United States, and not by private parties.").

e.g., Searcy v. EMC Mortg. Corp., No. 1:10-cv-0965, 2010 Dist. LEXIS 119975, at *2 (N.D. Ga. Sept. 30, 2010) ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure."); Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment); You v. JP Morgan Chase Bank, 743 S.E. 2d 428, 433 (Ga. 2013) ("Under Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.").[9]

---

[9] The Court also agrees with the Magistrate Judge that it does not appear, and Plaintiffs do not assert, that they are current on their loan obligations, and Plaintiffs are not entitled to enjoin foreclosure and cannot state a claim for wrongful foreclosure for this additional reason. See Smith v. Citizens & S. Fin. Corp., 268 S.E.2d 157 (Ga. 1980) ("Appellants have made no tender of the indebtedness secured by the deed to secure debt and thus are not entitled to set aside the sale under power."); Harvey v. Deutsche Bank Nat'l Trust Co., No. 1:12-cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E. 2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely

Magistrate Judge Baverman concluded that Plaintiffs' filings throughout this action "give the Court little hope that given the chance they would file a viable complaint." (R&R at 21). The Court agrees and finds that amendment of Plaintiffs' Complaint would be futile. Plaintiffs' Complaint is based on indisputably meritless legal theories, and Plaintiffs have not, and cannot, assert a viable claim based on perceived defects in the origination or assignment of their mortgage, or in the foreclosure proceedings initiated by BANA. Plaintiffs' claims are dismissed with prejudice. See Taylor v. McSwain, 335 F. App'x 32, 33 (11th Cir. 2009) (per curiam) (courts should not dismiss a *pro se* plaintiff's complaint with prejudice "without first giving the plaintiff an opportunity to amend the complaint if a more carefully drafted complaint might state a claim."); Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."); Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.").

---

attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on its loan payments, failed to cure default, and did not bid on property at foreclosure sale).

11

Having found that Plaintiffs' claims are required to be dismissed, Plaintiffs' Motion for Summary Judgment is now moot.  Even if it were not moot, the Magistrate Judge found that Plaintiffs' Motion for Summary Judgment is meritless and not a proper motion for summary judgment because it merely reiterates their general objections to Rogers's participation in this action and his ability to file motions on Defendant's behalf.  The Magistrate Judge recommended that Plaintiffs' Motion for Summary Judgment be denied, and the Court finds no plain error in this recommendation.  See Fed. R. Civ. P. 56(a) (summary judgment is proper when the is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (A fact is "material" if it "might affect the outcome of the suit under the governing law.").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Clerk of Court is **DIRECTED** to remove Jerusalem Trust and Moynihan as parties to this action.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion to Dismiss Magistrate Judge's Final Report and Recommendation" [24] and "Motion for Void

Judgment and to Set Aside Order" [25], which the Court construed as their Objections to the R&R, are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [22] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand [9] and Motion for Summary Judgment [19] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [3] is **GRANTED**.  This action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 3rd day of September, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE